UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON R. GABLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-0047-CVE-PJC |
| ) | |
| MSC WATERWORKS COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court are Defendant's Motion to Dismiss and Brief in Support (Dkt. # 10) and Plaintiff's Motion to Remand and Brief in Support (Dkt. # 12). Defendant MSC Waterworks Company, Inc. (MSC) argues that plaintiff Jason R. Gable has failed to state a claim upon which relief can be granted, and plaintiff's petition should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiff asserts that defendant has not met its burden to show that the amount in controversy exceeds $75,000, and the case should be remanded to Tulsa County District Court, Oklahoma for lack of subject matter jurisdiction.

**I.**

Gable worked for MSC in 2009 and left his employment at MSC to work for a new employer. On or about January 5, 2012, Gable re-applied for employment with MSC and he was offered a job by MSC. Dkt. # 2-1, at 2. Gable accepted MSC's offer and he began working for MSC. He claims that this "created a typical 'at will' employment contract between the parties . . . ." Id. However, he also states that he "believed he was employed by the Defendant and could only be terminated for cause." Id. Gable claims that MSC terminated his employment but his petition does explain the circumstances of his termination. On January 12, 2012, Gable filed this case in

Tulsa County District Court seeking actual damages in excess of $10,000, punitive damages in excess of $10,000, interest, costs, attorney fees, and reinstatement. Id. at 3.

On February 6, 2012, MSC removed the case to this Court on the basis of diversity jurisdiction. Dkt. # 2. MSC is incorporated in South Carolina and has its principal place of business in North Carolina, and Gable is a citizen of Oklahoma. Id. at 1. MSC asserts that the allegations of plaintiff's petition are sufficient to show that the amount in controversy exceeds $75,000. MSC states that plaintiff is seeking actual damages in excess of $10,000 and punitive damages in excess of $10,000. Id. at 2. Gable also seeks reinstatement for an indefinite period of time, and MSC estimates that Gable's employment is valued at approximately $35,000 per year. Id. at 3. MSC argues that the value of the monetary and non-monetary relief sought by Gable exceeds $75,000 and this Court has jurisdiction under 28 U.S.C. § 1332. MSC also filed a motion to dismiss (Dkt. # 10) Gable's petition for failure to state a claim.

After MSC filed its motion to dismiss, Gable filed an amended complaint (Dkt. # 16) clarifying the factual and legal basis for his claims against MSC. Gable states that MSC encouraged him leave his job in 2011 and re-apply for a position with MSC. Dkt. # 16, at 1-2. Gable applied for a job with MSC and was hired. However, MSC allegedly had a rule prohibiting it from re-hiring a former employee and it terminated Gable's employment shortly after hiring him. Id. at 2. He also states that he is seeking actual damages in the amount of $65,000, interest, costs, attorney fees, expert fees, reinstatement, fringe benefits, and other relief.

## II.

Plaintiff argues that defendant relies solely on his demand for punitive damages to establish that the amount in controversy exceeds $75,000, but defendant has not provided an economic

analysis showing that plaintiff is likely recover this amount of punitive damages. Dkt. # 12, at 1-2. Defendant responds that amount in controversy requirement is satisfied without reference to plaintiff's request for punitive damages, and plaintiff fails to acknowledge that his request for reinstatement adds to the value of the amount in controversy. Id. at 2-3.

A case must be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Initially, the Court notes that federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995) (same); Homolka v. Hartford Ins. Group, Individually and d/b/a Hartford Underwriters Ins. Co., 953 F. Supp. 350 (N.D. Okla. 1995) (same); Barber v. Albertson's, Inc., 935 F. Supp. 1188 (N.D. Okla. 1996)

(same); Hughes v. E-Z Serve Petroleum Marketing Co., 932 F. Supp. 266 (N.D. Okla. 1996) (applying Laughlin and remanding case); Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co., 932 F. Supp. 264 (N.D. Okla. 1996) (same); Maxon v. Texaco Ref. & Marketing Inc., 905 F. Supp. 976 (N.D. Okla. 1995) (same); Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same). Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873; see also Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993) (finding defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and costs" did not establish that removal jurisdiction was proper); Gaus v. Miles, Inc, 980 F.2d 564 (9th Cir. 1992) (mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. The removing defendant bears the burden of establishing by a preponderance of the evidence federal jurisdiction at the time of removal, and not by supplemental submission. Laughlin, 50 F.3d at 873; Herber, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). The Tenth Circuit has clearly stated what is required to satisfy that burden. As set out in Johnson v. Wal-Mart Stores, Inc.,

953 F. Supp. 351 (N.D. Okla. 1995), if the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000.00, then the rationale of Laughlin contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with underlying facts.

The removal statutes, 28 U.S.C. § 1441 et seq., were recently amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. In cases removed to federal court based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446. However, a court may also consider the value of nonmonetary relief when calculating the amount in controversy. Id. A federal court should retain jurisdiction over a removed case if it finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. Id. The Tenth Circuit has clarified the defendant's burden to establish facts supporting the amount in controversy by a preponderance of the evidence. In McPhail v. Deere Co., 529 F.3d 947 (10th Cir. 2008), the Tenth Circuit described the historical roots of diversity jurisdiction and noted that diversity jurisdiction was designed to protect out of state defendants from prejudice in state courts. Id. at 953. However, both Supreme Court and Tenth Circuit precedent places the burden on the removing defendant to establish diversity jurisdiction with "actual proof of jurisdictional facts . . . at a stage in the litigation when little actual evidence is yet available." Id. Under McPhail, the defendant bears the burden to prove the jurisdictional facts by a preponderance of the evidence and, once the jurisdictional facts are established, uncertainty about the amount the plaintiff may recover justifies dismissal only if it is "legally certain" that plaintiff could not recover in excess of $75,000. Id. at 955 (citing Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)). The Tenth

5

Circuit identified several methods that a removing defendant may use to prove the jurisdictional facts by a preponderance of the evidence when the complaint relies on state court pleading rules that do not require the plaintiff to allege a specific amount of damages. First, the defendant may rely on facts stated in the complaint to estimate the amount of damages plaintiff is seeking. Id. at 955-56. Second, a defendant may rely on other documents, such as discovery responses, affidavits, or other "summary-judgment-type evidence" that may be in defendant's possession. Id. at 956 (citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)). Third, any settlement offers between the parties suggesting that the amount in controversy exceeds $75,000 should be considered by the district court. Id. at 956.

Before reviewing the notice of removal to determine if it sets forth sufficient facts to show that the amount in controversy exceeds the jurisdictional amount, the Court must consider whether plaintiff's amended complaint should factor into the Court's analysis of the amount in controversy. The amended complaint states that plaintiff is seeking $65,000 in actual damages, and plaintiff could be trying to defeat federal jurisdiction by alleging an amount in controversy below the jurisdictional amount. The law is clear that a plaintiff may not "by stipulation, by affidavit, or by amendment of his pleadings, reduce[] the claim below the requisite amount" to defeat federal jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). The Court must consider the allegations of the plaintiff's pleadings on file at the time of removal to determine if it appears to a legal certainty that the amount in controversy exceeds $75,000. See Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998). However, subsequent events may clarify whether the plaintiff is seeking damages in excess of the jurisdictional amount. Carroll v. Stryker Corp., 658 F.3d 675, 68-81 (7th Cir. 2011). In this case, it is unnecessary to determine whether plaintiff's amended

6

complaint is a prohibited amendment to his pleadings designed to reduce the amount in controversy below the jurisdictional amount, because plaintiff seeks reinstatement in his initial state court petition and his amended complaint. Defendant relies on plaintiff's request for reinstatement, not plaintiff's claim for actual or punitive damages, as the key evidence to show that the amount in controversy exceeds the jurisdictional amount. In fact, the amended complaint would actually make it easier for defendant to show that the amount in controversy exceeds $75,000, because plaintiff expressly demands greater damages in his amended complaint. See Dkt. # 16 (plaintiff demands $65,000 in actual damages and reinstatement in his amended complaint). To ensure that the Court had jurisdiction when this case was removed, the Court will limit its review to the facts alleged in plaintiff's state court petition.

Plaintiff's state court petition does not expressly allege that the amount in controversy exceeds $75,000, and it states only that plaintiff seeks actual damages in excess of $10,000 and punitive damages in excess of $10,000. Dkt. # 2-1, at 3. However, plaintiff also seeks interest, costs, attorney fees, reinstatement, and other relief. Id. Plaintiff's motion to remand focuses on defendant's alleged reliance on punitive damages to show that the amount in controversy exceeds $75,000. Dkt. # 12. While punitive damages are mentioned in the notice of removal, defendant actually relies on plaintiff's request for reinstatement as the primary evidentiary support for its assertion that the amount in controversy exceeds the jurisdictional amount. Dkt. # 2. Plaintiff fails to address the impact of his request for reinstatement on the amount in controversy, but it is clear that the value of his potential reinstatement should be considered as part of the amount in controversy. See 28 U.S.C. § 1446(c)(2) (nonmonetary relief should be considered when determining if the amount in controversy exceeds the jurisdictional amount). Defendant states that

7

the value of plaintiff's reinstatement would be approximately $35,000 per year, and plaintiff does not dispute that he is seeking reinstatement or that he may be seeking reinstatement for greater than one year. Dkt. # 12, at 1. Plaintiff also does not dispute that $35,000 is a reasonable estimate of the annual value of his request for reinstatement. Id. Considering plaintiff's request for actual damages, punitive damages, and reinstatement, the Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff requests in excess of $10,000 in actual damages and in excess of $10,000 in punitive damages, and plaintiff's state court petition establishes that he is seeking at least $20,000 in damages. Plaintiff seeks reinstatement for an indefinite period of time and he does not contest that defendant's estimate of $35,000 per year is reasonable. Plaintiff's petition supports an inference that he is seeking reinstatement for more than one year and, even if plaintiff is reinstated for only two years, the value of plaintiff's nonmonetary relief is at least $70,000. In combination with plaintiff's demand for money damages, it appears by a preponderance of the evidence that the amount in controversy exceeds $75,000. Should plaintiff's amended complaint be considered as a clarification of the amount in controversy, it is apparent that the amount in controversy easily exceeds $75,000. The amended complaint states that plaintiff is seeking $65,000 in actual damages plus reinstatement (valued at $35,000), and this results in an amount of controversy of at least $100,000. Whether the Court considers the plaintiff's petition or amended complaint as the operative pleading, defendant has shown that the amount in controversy exceeds $75,000.

Defendant asks the Court to dismiss plaintiff's petition, but plaintiff has filed an amended complaint. "[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect." Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991). Plaintiff's state court

petition has been superseded by the filing of his amended complaint, and defendant's motion to dismiss is moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Brief in Support (Dkt. # 10) is **moot**, and Plaintiff's Motion to Remand and Brief in Support (Dkt. # 12) is **denied**.

**DATED** this 3rd day of April, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE